UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, *as next friend of C.F., a minor*,

Plaintiff,

v.

JAMES V. MCDONALD, *et al.*,

Defendants.

No. 26-CV-4176 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On May 19, 2026, Jane Doe ("Plaintiff") filed a motion seeking to proceed under a pseudonym in public filings in this Action.  (*See* Mot. for Leave to Proceed Under Pseudonym ("Motion") (Dkt. No. 7); *id.* Ex. 1 ("Pl.'s Mem."); *id.* Ex. 2 ("Pl.'s Aff.").)  Because Plaintiff has demonstrated that her interests in her privacy and her son's privacy outweigh the public interest in disclosure of her identity, the Court grants the Motion without prejudice to later opposition by Defendants.

Parties generally may not proceed anonymously in litigation in federal court.  *See* Fed. R. Civ. P. 10(a) (requiring the title of the complaint to "name all the parties"); *see also Doe v. Greiner*, 662 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) ("As a general rule . . . parties may not litigate their disputes anonymously.").  The Second Circuit has accordingly held that when a plaintiff requests to proceed under a pseudonym, district courts must "balance [a] plaintiff's interest in proceeding anonymously against the interests of defendants and the public" in determining whether to grant such a request.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190–91 (2d Cir. 2008).  That balancing is guided by a non-exhaustive list of ten factors, including

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations adopted, citations and quotation marks omitted); *see also Doe v. Skyline Automobiles, Inc.*, 375 F. Supp. 3d 401, 404–05 (S.D.N.Y. 2019) ("In considering a motion to proceed anonymously, the interests of both the public and the opposing party should be taken into account by way of a series of non-exhaustive factors promulgated in *Sealed Plaintiff*[.]" (citation and quotation marks omitted)).

The first and fourth factors—the sensitivity of the matter and the plaintiff's vulnerability, including their age—weigh strongly in Plaintiff's favor because Plaintiff has brought this suit as next friend to her child, C.F., a minor seeking admission to kindergarten. *See Doe v. Ithaca City Sch. Dist.*, No. 25-CV-806, 2025 WL 3157792, at *3 (N.D.N.Y. Nov. 12, 2025) ("The plaintiff's age is a critical factor in the determination of the fourth factor, as courts have been readier to protect the privacy interests of minors in legal proceedings than of adults." (quotation marks omitted)); *Michael v. Bloomberg L.P.*, No. 14-CV-2657, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (describing "claims involving . . . minor children" as "matters of a highly sensitive or personal nature"). The Complaint also references C.F.'s participation in special education

programs and features of C.F.'s development, (*see* Compl. ¶¶ 25, 107 (Dkt. No. 1)), which are themselves sensitive and personal matters, *see A.D. v. Park City Sch. Dist.*, No. 23-CV-665, 2024 WL 1178578, at *2 (D. Utah Mar. 19, 2024) (finding a case involving a child's behavioral and developmental issues "involve[d] matters of a highly sensitive and personal nature"). These factors weigh as much in favor of C.F. as in favor of Doe, C.F.'s parent and through whom C.F. is proceeding in this suit. *See C.B. v. Pittsford Cent. Sch. Dist.*, No. 08–CV–6462, 2009 WL 2991564, at *4 (W.D.N.Y. Sept. 15, 2009) ("Congress and the Judicial Conference have recognized the privacy interests of minor children and directed that court filings utilize initials to reference an individual known to be a minor. Since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." (citations omitted)); *Asylumworks v. Wolf*, No. 20-CV-3815, 2020 WL 13460835, at *2 n.2 (D.D.C. Dec. 23, 2020) ("In cases where the identities of a minor and parent or guardian are inextricably intertwined, courts allow parents or guardians to proceed under pseudonym when suing on the minor's behalf." (quotation marks omitted)). C.F.'s age thus moves these factors in favor of anonymity, a conclusion bolstered by the charged nature of the issues here. *See Does 1–2 v. Hochul*, No. 21-CV-5067, 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022) (in a similar challenge to a vaccine policy, recognizing "the unique sensitivities that exist within the current political climate and social context, particularly as to Plaintiffs' religious convictions," so "find[ing] that [the first] factor tips slightly in Plaintiffs' favor."); *Doe v. City Univ. of New York*, No. 21-CV-9544, 2021 WL 5644642, at *3 (S.D.N.Y. Dec. 1, 2021) (finding in a similar challenge to a vaccine policy that "the fact that plaintiff has put his religious beliefs at issue in this case means [the first] factor weighs in favor of plaintiff proceeding anonymously," but cautioning that the first factor was not dispositive).

As to the second and third factors—possible harm to the party seeking anonymity—Plaintiff's Declaration relays her "concern[] that public disclosure of [her] identity in connection with this case would also reveal the identity of [her] minor child and expose both of [them] to stigma, harassment, and unwanted public attention within [their] local school community." (Pl.'s Aff. ¶ 7.) While "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity," at least one court has recognized the particular "social opprobrium toward individuals in [the p]laintiffs' position" when granting a motion to proceed anonymously in a religion-based challenge to a state vaccine requirement. *Does 1–2 v. Hochul*, No. 21-CV-5067, 2022 WL 836990, at *7 (E.D.N.Y. Mar. 18, 2022) (quotation marks omitted); *but see Doe*, 2021 WL 5644642, at *4 (finding the "'shaming and blaming' of unvaccinated people" and "risk of 'ostracization and emotional harm'" did not move the second and third factors in favor of anonymity in a similar challenge). These factors, taken in isolation (*i.e.*, setting aside C.F.'s age, which is a more germane consideration under other factors), accordingly do not favor anonymity strongly, if at all.

As to the fifth, eighth, and ninth factors, this Action is against a school district and certain government officials in their official capacities, and it presents "purely legal" issues because it seeks injunctive relief "challenging a state vaccination mandate" for its claimed failure to accommodate sincere religious objections. (Pl.'s Mem. 2, 6.) That weighs in favor of permitting anonymity. *See Does 1–2*, 2022 WL 836990, at *10 (finding the "eighth and ninth *Sealed Plaintiff* factors support [the p]laintiffs' motion to remain anonymous" in a challenge to state vaccine laws premised on the denial of religious exemptions); *Plaintiffs 1–3 v. City of New York*, 814 F. Supp. 3d 331, 354 (E.D.N.Y. 2025) ("Because [the] plaintiffs are challenging the actions

4

of the government . . . seeking injunctive relief, this factor facially favors [the] plaintiffs . . . . Still, like all other factors, factor five is not dispositive[.]").

As to the six and seventh factors, Plaintiff's and C.F.'s identities have been kept confidential but are already known to Defendants and have been provided to the Court under seal, (*see* Pl.'s Mem. 5; Pl.'s Decl. ¶¶ 6, 9–10), so Defendants' ability to fully participate in the litigation will not be impaired by the exclusion of Plaintiff's identity from public filings and there is no risk of "asymmetry in fact-gathering" or of "major disadvantage[s]" in motion practice, *Plaintiffs 1–3*, 814 F. Supp. 3d at 355.  These factors, too, thus favor Plaintiff.

Considering these factors, and with particular emphasis on C.F.'s age, the lack of prejudice to Defendants (though without having yet heard from Defendants on this issue), and the chiefly legal, rather than factual, nature of the claims, the Court finds Plaintiff's interest in proceeding anonymously in this Action outweighs the interests of Defendants and the public in disclosure of Plaintiff's identity.

Accordingly, Plaintiff's Motion is granted without prejudice to opposition by Defendants. Plaintiff shall be identified in public filings as "Jane Doe" and her minor child as "C.F.," and Defendants are directed to refer to Doe and C.F. only by their pseudonyms in public filings.  If Defendants oppose allowing Plaintiff to proceed anonymously, they may file a memorandum not to exceed ten pages by two weeks from the date of this Order or two weeks from the date they are served, whichever is later.  The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 7).

SO ORDERED.

Dated:    June 9, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

5