UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, *as next friend of C.F., a minor*,

Plaintiff,

v.

JAMES V. MCDONALD, *et al.*,

Defendants.

No. 26-CV-4176 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Jane Doe ("Plaintiff"), on behalf of her minor child, C.F., brought this Action against James McDonald (the Commissioner of Health of the State of New York), the Eastchester Union Free School District, and Caitlin Mondelli (the principal of Waverly School) (together, "Defendants"), claiming New York's school immunization requirements are unconstitutional as applied to C.F. Before the Court is Plaintiff's request for a preliminary injunction barring Defendants from enforcing those requirements against C.F. or denying C.F.'s enrollment at school for noncompliance. Because the Second Circuit's recent decision in *Miller v. McDonald* leaves Plaintiff without the requisite likelihood of success on the merits, the Court does not issue a preliminary injunction. --- F.4th ---, 2026 WL 1871521 (2d Cir. June 30, 2026) ("*Miller II*").

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Benihana, Inc. v. Benihana of Tokyo*, 784 F.3d 887, 895 (2d Cir. 2015) (same). If there is no likelihood of success on the

merits, a preliminary injunction cannot issue. *See A.H. by and through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (explaining "likelihood of success on the merits is . . . the dominant, if not the dispositive, factor" (quotation marks omitted)); *Sosa v. Lantz*, 660 F. Supp. 2d 283, 291 (D. Conn. 2009) ("Because Plaintiff has shown no likelihood of success on the merits, . . . his motion for a preliminary injunction will be denied." (quotation marks omitted)).

Plaintiff challenges New York Public Health Law § 2164—the immunization requirement at issue—arguing it violates the Free Exercise Clause, the substantive due process right of parents to direct their children's religious upbringing recognized in *Mahmoud v. Taylor*, 606 U.S. 522 (2025), and the Equal Protection Clause. (*See* Pl.'s Mem. 7–22 (Dkt. No. 23).) *Miller II*, decided while Plaintiff's preliminary injunction request was pending, rejected a substantively identical challenge to the same law by Amish families. The Second Circuit held (1) that § 2164 was a neutral law of general applicability, noting the Circuit "repeatedly upheld neutral and generally applicable immunization laws in the face of free exercise challenges" under *Employment Division v. Smith*, 494 U.S. 872 (1990); and (2) that § 2164 did not violate the parental free-exercise right recognized in *Mahmoud* because if it imposed any burden on that right at all, it was not "of the same character" as the burden in *Wisconsin v. Yoder*, 406 U.S. 205 (1972), a case on which *Mahmoud* relied. *Miller II*, 2026 WL 1871521, at *4, *9. Plaintiff concedes *Miller II* is "controlling Second Circuit authority."[1] (Reply 1 (Dkt. No. 31).) Accordingly, "in light of recent precedent within this Circuit, plaintiff has virtually no chance of success on the merits" on her Free Exercise or *Mahmoud* claims. *Fielding v. Index Futures Grp., Inc.*, 699 F. Supp. 416, 418 (S.D.N.Y. 1988); *see also Frey v. Bruen*, No. 21-CV-5334, 2022 WL

[1] As Plaintiff notes in her Reply, however, her disagreements with *Miller II* are preserved for further appellate review. (*See* Reply 1, 3–4.)

522478, at *9 (S.D.N.Y. Feb. 22, 2022) ("Therefore, based on established Supreme Court and Second Circuit precedent, Plaintiffs do not have a high likelihood of success on the merits.").

Plaintiff also brings an Equal Protection Clause claim, contending § 2164 treats secular and religious children differently. While *Miller II* did not address the Equal Protection Clause, its holdings largely resolve this claim, too, and Plaintiff does not defend it in her Reply. "§ 2164 is neutral on its face." *Miller II*, 2026 WL 1871521, at *4. "Plaintiffs challenging such facially neutral laws on equal protection grounds bear the burden of making out a 'prima facie case of discriminatory purpose,'" *Jana-Rock Constr., Inc. v. New York State Dep't of Econ. Dev.*, 438 F.3d 195, 205 (2d Cir. 2006), or showing the law is "applied in a discriminatory fashion," *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999). *Miller II* rejected the argument that § 2164 had any discriminatory purpose, *see Miller II*, 2026 WL 1871521, at *5, and Plaintiff has not argued the law is applied in a different way to religious or nonreligious children, (*see generally* Pl.'s Mem.). So that claim, too, is unlikely to succeed on the merits.

Because there is insufficient likelihood of success on the merits in light of *Miller II*, the Court denies Plaintiff's request for a preliminary injunction. For the same reasons, the Court denies Plaintiff's request for an injunction pending appeal or prior to Plaintiff filing her appeal, but notes Plaintiff may request an injunction pending appeal from the Second Circuit. *See Ramos v. Aviles-Ramos*, No. 24-CV-5109, 2025 WL 2986508, at *1 (S.D.N.Y. Oct. 23, 2025).

SO ORDERED.

Dated: July 10, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge